United States District Court
Southern District of Texas
ENTERED
October 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GEORGE LOBB | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-1339 |
| | § | |
| CARLOS ANAYA *et al.* | § | |

# ORDER

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 15), After a review of the law and the record in this case, the Court **GRANTS** Plaintiff's Motion (Dkt. No. 15).

## I. BACKGROUND

On July 31, 2026, Plaintiff, *pro se*, filed this civil rights action raising several claims arising out of a traffic stop in Encinal, Texas (*see* Dkt. No. 1). Along with the filing of his complaint, he moved for expedited discovery and an order to examine his vehicle, which was seized by Defendants (Dkt. No. 2). Approximately two weeks later, he amended his complaint for the first time (*see* Dkt. No. 7). Defendants appeared and moved for dismissal (*see* Dkt. No. 12). Plaintiff subsequently hired counsel to represent him (Dkt. No. 14). Now, through his counsel, he moves for leave to file a second amended complaint (Dkt. No. 15).

## II. LEGAL STANDARD

After a party has amended its pleadings once, it can make subsequent amendments "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) ("[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). However, leave to amend is "by no means

automatic." *Phillips v. Ethicon Endo-Surgery, Inc.*, No. 25-50116, 2026 WL 2969090, at *4 (5th Cir. Oct. 2, 2026) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing examples of "apparent or declared reason[s]" that would justify denial of leave to amend).

## III. DISCUSSION

### A. Motion for Leave

The Court grants Plaintiff leave to amend his complaint. Leave to amend should be freely granted unless there is "substantial reason" to deny a party's request. *Smith*, 393 F.3d at 595 (quoting *Lyn-Lea Travel Corp.*, 283 F.3d at 286). In the Fifth Circuit, these reasons include "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

Here, Plaintiff has secured written permission from the City of Encinal Defendants (*see* Dkt. No. 15 at 5). *See* Fed. R. Civ. P. 15(a)(2). Further, none of the reasons for denial are present. *See Smith*, 393 F.3d at 595 ("Absent any of these factors, the leave sought should be 'freely given.'" (quoting *Foman*, 371 U.S. at 182)). Therefore, Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 15) is **GRANTED**.

### B. Defendants' Motion to Dismiss

In light of the second amended complaint, the City Defendants' Motion to Dismiss First Amended Complaint is moot. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026,

1033 (5th Cir. 2023) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam)). Plaintiff's proposed second amended complaint makes no mention of incorporating the first (*see* Dkt. No. 15-1). Based on Plaintiff's second amended complaint, the Court **DENIES AS MOOT** the City Defendants' Motion to Dismiss (Dkt. No. 12). *E.g. Olivas v. Four Unknown United States Marshals*, No. EP-17-CV-278-PRM, 2018 WL 1899738, at *1 (W.D. Tex. Mar. 26, 2018) (collecting cases).

**C. Expedited Discovery and Inspection**

Lastly, before obtaining counsel, Plaintiff moved to conduct expedited discovery and conduct an examination of his vehicle while Defendants held it in their custody (Dkt. No. 2). But he has since alleged that he retrieved his vehicle from the City Defendants' custody (Dkt. Nos. 10 at 1; 15-1 at 3). In light of this update, the Court seeks clarity from Plaintiff as to whether he continues to seek this relief.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 15). The City Defendants' Motion to Dismiss First Amended Complaint (Dkt. No. 12) is **DENIED AS MOOT**.

Further, because Plaintiff is now represented by counsel, his Motion for Permission to File Documents Electronically (Dkt. No. 3) is **DENIED AS MOOT**.

Finally, Plaintiff is **ORDERED** to file an advisory as to whether he still wishes to proceed with his Motion for Leave to Conduct Expedited Discovery and for an Order Permitting Inspection and Non-Destructive Canine Examination of the Vehicle (Dkt. No. 2) no later than **October 29, 2026**.

It is so **ORDERED**.

**SIGNED** October 22, 2026.

______________________________
Marina Garcia Marmolejo
United States District Judge